Samuel J. PARKER,
Petitioner-Appellant,

v.

Jim ROSE, Warden, et al.,
Respondents-Appellees.

No. 83–5246.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 16, 1983.

Decided March 2, 1984.

William Farmer, Federal Public Defender, Paula Godsey, Asst. Federal Public Defender (argued), Nashville, Tenn., for petitioner-appellant.

William M. Leech, Atty. Gen. of Tennessee, John F. Southworth, Jr., Asst. Atty. Gen. (argued), Nashville, Tenn., for respondents-appellees.

Before MERRITT and CONTIE, Circuit Judges, and POTTER, District Judge.[*]

MERRITT, Circuit Judge.

Petitioner appeals from the District Court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that he was denied his sixth amendment right to effective assistance of counsel at trial because his court-appointed public defender failed to investigate and prepare his case adequately. His claim is not frivolous. It deserves careful scrutiny.

Petitioner was convicted in June, 1977, for armed robbery and for being an habitual criminal. His punishment was set at ten years imprisonment on each robbery count and life imprisonment for the habitual criminal count.

In early 1978, petitioner filed a petition seeking relief under Tennessee's post-conviction procedures, set forth at Tenn.Code Ann. §§ 40–30–101 to 40–30–124 (1982). After a hearing, the petition was denied because petitioner's direct appeal of his conviction was then pending before the Court of Criminal Appeals. Subsequently, his conviction was affirmed by the Court of Criminal Appeals, and certiorari was denied by the Tennessee Supreme Court in the fall of 1978.

Petitioner did not attempt to reinstitute his earlier post-conviction action in the Tennessee courts or to appeal the dismissal of that action. Rather, in February, 1979, he filed a *pro se* habeas corpus petition in the United States District Court for the Western District of Tennessee, alleging, *inter alia,* the same ineffectiveness of counsel claim that is the basis of this appeal. Then-District Judge Bailey Brown held that petitioner had not exhausted his state remedies "since he did not appeal the denial of his petition for post-conviction relief in which those issues were first raised." Order Granting Respondent's Motion for Summary Judgment at 2. Judge Brown noted that the dismissal was without prejudice—"petitioner may refile these claims if he fails to get satisfaction from the state courts"—but warned that if petitioner failed to file a timely appeal of the denial of his Tennessee post-conviction petition, "and petitioner again seeks federal habeas relief . . ., [he] will have to convince the federal court that he did not deliberately bypass his state remedies," citing *Fay v. Noia,* 372 U.S. 391, 438–40, 83 S.Ct. 822, 848–49, 9 L.Ed.2d 837 (1963). *Id.*

It appears that petitioner then filed another petition for post-conviction relief in state court, although there is no record of this second petition before us or of the Tennessee court's disposition of it. Counsel for petitioner stated in oral argument before this Court that petitioner's second petition was summarily—and erroneously—denied by the clerk of the Tennessee court as simply "repetitious." Again, however, according to counsel, petitioner did not appeal.

In November, 1980, petitioner filed a second *pro se* habeas petition in the District Court for the Middle District of Tennessee. The Court ordered petitioner to show cause why his application should not be dismissed for failure to exhaust under Rule 9 of the Rules Governing Proceedings under 28 U.S.C. § 2254; but the Court ultimately

---

[*] The Honorable John W. Potter, Judge of the United States District Court for the Northern District of Ohio, sitting by designation.

entered an order stating that he was satisfied that petitioner had exhausted available state remedies, although we are not told the basis for this conclusion. The Court appointed the Federal Public Defender to represent petitioner, and counsel has performed her task in the court below and here in a diligent and careful manner. After an evidentiary hearing in May, 1982, the judge dismissed the habeas corpus petition, holding that the conduct of petitioner's trial counsel met the required standard of reasonably effective counsel.

■ The statute governing federal court review of state prisoners' habeas corpus claims, 28 U.S.C. § 2254 (1976), provides that a state prisoner's petition for a writ of habeas corpus will not be granted unless the petitioner has exhausted available state court remedies.[1] The state initially opted not to argue on appeal that petitioner had failed to exhaust available state remedies. Nevertheless, the state's omission does not free us from our obligation to consider a jurisdictional defense raised and considered in the District Court and therefore properly before this Court. *See Bowen v. Tennessee,* 698 F.2d 241 (6th Cir.1983) (en banc) (total exhaustion rule, as interpreted by Supreme Court in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), could not be waived or conceded in district court by the state attorney general and could be noticed by the court of appeals *sua sponte* ). We therefore ordered that the question be briefed, and the state now argues that the petitioner has not exhausted. Both sides have now filed careful briefs on the issue.

■ It is obvious that petitioner was hampered in pursuing post-conviction remedies by his *pro se* status. The fact remains, however, that we do not have before us a claim which the state courts have had an opportunity to address on the merits. We recognize that it would be unrealistic to expect petitioner to have put forth this ineffectiveness of counsel claim on direct appeal. He was still being represented by the attorney who defended him at his trial. Even so, it remained open to petitioner to bring this claim to the attention of the state in a post-conviction appeal. It is unclear whether he in fact raised the issue in his first post-conviction action, which was dismissed on procedural grounds, and even more uncertain whether he raised it in the second post-conviction petition. There can be no doubt, however, that petitioner failed to appeal either of these state court procedural dispositions. Thus, the Tennessee state courts have not had an opportunity to examine the facts and pass on the validity of petitioner's federal constitutional claim.

Counsel for petitioner argues strongly that this Court should not require him to return to the state court post-conviction process because, as the District Court suggested, "no available state remedies whose pursuit would not be futile" exist to protect his rights. We do not agree with this position. There is no statute of limitations in the Post-Conviction Procedure Act, and therefore a prisoner may initiate a claim at any time. *See* Anderson, *Post Conviction Relief in Tennessee,* 48 Tenn.L.Rev. 605, 647 & n. 188 (1981) (noting that all prisoners "who can show a present need for post-conviction relief, even petitioners who are no longer in custody . . . or who clearly did not raise their claims for relief at the first opportunity, are entitled to seek post-conviction relief"). Furthermore, it is by no means clear that petitioner will be deemed by the state court to have "presumptively

---

1. Section 2254 provides, in relevant part:

   (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstanc- es rendering such process ineffective to protect the rights of the prisoner.

   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

waived" his right to proceed under the Post-Conviction Procedure Act.[2]

Moreover, it may be that the Tennessee courts will interpret the state's procedural default rules in accordance with the "cause and prejudice" analysis articulated by the Supreme Court in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Court held that, "as a matter of comity but not of federal power," *id.* at 82, 97 S.Ct. at 2504, federal habeas courts may deny relief to petitioners with constitutional claims who have failed to comply with state procedural rules, absent a showing of "cause" for failing to comply and "prejudice" from a finding of default. Although by its terms *Wainwright* dealt with the responsibilities of federal habeas courts rather than state courts, the Court emphasized that the "cause and prejudice" standard should be employed so as to guarantee that the state procedural waiver rule "will not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice." *Id.* at 90, 97 S.Ct. at 2508. *See generally Maddux v. Rose,* 483 F.Supp. 661, 665 (E.D. Tenn.) (holding that *Wainwright* "cause and prejudice" rule is limited to procedural defaults in state trial courts, leaving in effect the *Fay v. Noia* "knowing waiver" and "deliberate bypass" standard where the procedural default occurs on the state appellate court level), *affirmed,* 627 F.2d 1091 (6th Cir.1980) (mem.).

This case deserves review on the merits in the state court, and the presumption contained in the state post-conviction statute is expressly made rebuttable. In order to find that petitioner made such a waiver, the state court would have to find that he knowingly and understandingly failed to present the ineffectiveness of counsel claim when he had an opportunity to do so—*viz.,* in his second action under the Post-Convic-tion Procedure Act. If, as petitioner maintains, the second petition was never considered on the merits but was dismissed on the clerk's determination that it was repetitious, there is no basis for believing that petitioner could not use this and other information to rebut the presumption. In the event that the Tennessee courts should decide that petitioner has waived the ineffectiveness of counsel claim because he did not appeal the earlier dismissal, petitioner can appeal that decision and, if still unsatisfied, return to federal court for a habeas hearing. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (when procedural default bars state litigation of a constitutional claim, state prisoner may still obtain federal habeas relief upon a showing of cause and prejudice). In short, under the circumstances, we cannot say that it would be futile for petitioner to return to the Tennessee courts and present his ineffectiveness of counsel claim. *Cf. Estelle v. Williams,* 425 U.S. 501, 515, 96 S.Ct. 1691, 1698, 48 L.Ed.2d 126 (1976) (Powell, J., concurring) (the policy disfavoring inferred waivers of constitutional rights "need not be carried to the length of allowing counsel for a defendant deliberately to forgo objection to a curable trial defect, . . . simply because he thought objection would be futile") (cited in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

The exhaustion requirement to which we defer today serves to minimize friction between federal and state systems of justice by allowing the state an initial opportunity to pass upon and correct alleged violations of prisoners' federal constitutional rights. Where there is no reason to believe that state judicial remedies would be unavailable, we are obliged to hold that petitioner's sixth amendment claim may not properly be considered on the merits for the first time in a federal habeas proceeding. Accordingly, we remand petitioner's case to the Dis-

---

**2.** That Act provides at Tenn.Code Ann. § 40-30-112, that

    (b)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent juris-diction in which the ground could have been presented.

    (2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

trict Court with instructions to dismiss the petition for the reasons set out above.