Spencer **RANDOLPH**, Petitioner,

v.

**STATE OF TENNESSEE, et al.,**
Respondents.

**Civ. A. No. 3:84–1199.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 16, 1984.
Supplemental Opinion Dec. 7, 1984.

---

1. The court notes that plaintiffs' and defendant's briefs are inexcusably long. *See* Local Rule 2.2.9.

Community Service Center, Nashville, Tennessee, pursuant to his conviction while accused of murder in the first degree on his plea of guilty to the offense of murder in the second degree and the judgment thereof of July 10, 1976 (sic: 1978) of the Circuit Court of Giles County, Tennessee, in violation of the Constitution, Fourteenth Amendment, § 1, Due Process Clause, and of the Sixth Amendment, Right to the Assistance of Counsel Clause, 28 U.S.C. § 2254(a). Both such claims relate to the applicant's contention that he was thus convicted while he was legally incompetent. *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966) ("The * * * conviction of an accused person while he [or she] is legally incompetent violates due process * * *.") The right to counsel is the right to the effective assistance of competent counsel, *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 [10], 25 L.Ed.2d 763 (1970), and "* * * inadequate counsel does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment. * * *" *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716 [8], 64 L.Ed.2d 333 (1980).

The applicant concedes he has not exhausted completely by every available procedure his state-remedies, 28 U.S.C. §§ 2254(b), (c), but claims the existence of circumstances rendering the corrective processes of the state of Tennessee ineffective to protect his rights as a prisoner, 28 U.S.C. § 2254(b), *supra:*

Mr. Randolph asserts that he applied to the aforenamed Court for relief in *Spencer Randolph*, defendant-appellant, v. *State of Tennessee*, plaintiff-appellee, no. 1356 under the Post-Conviction Procedure Act of Tennessee, T.C.A. §§ 40–30–105, *et seq.*, in which he raised the question of his sanity both at the times of the alleged offense and during the conviction-proceedings as well

Spencer Randolph, pro se.

Gordon W. Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER TO SHOW CAUSE, AND ORDER

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Spencer Randolph applied *pro se* to this Court for the federal writ of habeas corpus. He claims he is in the custody of some unspecified agent of the state of Tennessee[1] at the Nashville

---

1. The "state officer having custody of the applicant shall be named as respondent," Rule 2, 28 U.S.C. fol. § 2254, and the petitioner must do this forthwith by amendment of his petition

herein. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95, 83 S.Ct. 1123, 1129 [4], 35 L.Ed.2d 443 (1973).

as his mental competency at the latter time. After he was denied relief therein, Mr. Randolph claims he filed an appeal from such denial to the Court of Criminal Appeals of Tennessee on September 9, 1984.[2]

It is the contention of Mr. Randolph that his agent was advised in a telephone conversation with a deputy clerk of the Court of Criminal Appeals of Tennessee before October 19, 1984 that his appeal "had been received" in that office, and that on the date thereafter he was advised "that his appeal had been remanded to Giles County Circuit Court for action," although he received in the mail the same day from the same source a copy of a motion filed in his behalf for the appointment of counsel in such appellate Court and an accompanying letter "denying any knowledge of the appeal, and stating that it had never been received."

 Ordinarily, an application for the writ of habeas corpus by one detained under a state-court judgment will be entertained only after all state-remedies which are available have been exhausted, including all appellate remedies in the state-courts, *Ex parte Hawk*, 321 U.S. 114, 116–17, 64 S.Ct. 448, 450 [5], 88 L.Ed. 572 (1944), but an exception to the exhaustion-requirement is made " * * * if the corrective process is so clearly deficient as to render futile any effort to obtain relief. * * * " *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19 [3], 70 L.Ed.2d 1 (1981, *per curiam* ).

Within 10 days herefrom, the respondent will show any cause he may have why the petitioner shall not be excused from the exhaustion-requirements of 28 U.S.C. §§ 2254(b), (c), *supra,* herein. Within that time also, the petitioner shall amend his

petition so as to allege the name of his custodian.

## SUPPLEMENTAL OPINION

On application of the petitioner of November 27, 1984, the title hereof hereby is AMENDED so as to reflect that the respondent is Charles B. Bass, Warden, Etc., and the petition herein hereby is SUPPLEMENTED so as to allege that the applicant is in the custody of such warden.

 The petitioner applied for the federal writ of habeas corpus claiming *inter alia* the existence of circumstances rendering the corrective process of Tennessee ineffective to protect his rights as a prisoner, in that there had been no processing of his appeal in 1984 from the order or judgment denying his application to the Circuit Court of Giles County, Tennessee for post-conviction relief under Tennessee law. The respondents showed cause why the applicant should not be deemed to have exhausted his available state-remedies thereunder by filing:

1. documents from the clerk of the Court of Criminal Appeals of Tennessee reflecting that no such appeal had been filed in 1984; and,

2. a document from the clerk of the Circuit Court Clerk of Giles County, Tennessee reflecting that the only application to the Circuit Court of that County for post-conviction relief filed by the applicant herein was an application in 1978 (which was dismissed voluntarily in open court by him on August 5, 1980).

Thus, it hereby is FOUND that the petitioner has failed to show any circumstances which might be deemed arguably to render the corrective process of the state of Tennessee ineffective to protect his rights as a prisoner. He makes no claim of having exhausted his available state-remedies; *

---

**2.** Such notice reflects it was sworn-to and subscribed by the applicant on October 31, 1984, according to an exhibited copy thereof.

* The petitioner presently has available to him a means of presenting his constitutional claims

herein to the courts of Tennessee under that state's Post-Conviction Procedure Act, T.C.A. §§ 40–30–101, *et seq. Parker v. Rose,* 728 F.2d 392, 394–395 (6th Cir.1984).

therefore, this Court may not entertain now his application. *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19 [3], 70 L.Ed.2d 1 (1981).

The petitioner's application showing plainly on preliminary consideration that he is not entitled to relief in this Court at this time, Rule 4, 28 U.S.C. fol. § 2254, it hereby is

ORDERED:

1. that such petition hereby is DISMISSED summarily, *id.;*

2. that the clerk so notify the petitioner forthwith, *id.;* and,

3. that the clerk serve forthwith upon the respondent-warden and the attorney-general and reporter of Tennessee by certified-mail a copy of the petition herein and of this order, *id.*

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered by the clerk thereon, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R. App.P., which will NOT issue because the petitioner makes no viable claim of the exhaustion of his available state-remedies and has not shown to be extant circumstances which render the corrective process of the law of Tennessee ineffective to protect his rights as a prisoner, *id.;* 28 U.S.C. § 2254(b).