**Clifford W. CARRIER, Appellant,**

v.

**Terrell D. HUTTO, Director of the Virginia Department of Corrections, Appellee.**

**No. 83–6039.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1984.

Decided Feb. 7, 1985.

Donald Russell, Widener, K.K. Hall, and Chapman, Circuit Judges, dissented.

---

1. *Jones v. Human Services*, Miss., 460 So.2d 120 (1984).

UNITED STATES of America, Appellee,

v.

Mark ESPOSITO, Appellant.

No. 84–5090.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1984.

Decided Feb. 8, 1985.

William A. Reppy, Legal Research Program, Durham, N.C., for appellant.

Linwood T. Wells, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE, ERVIN and CHAPMAN, Circuit Judges, sitting En Banc.

PER CURIAM:

Being of the opinion that under some circumstances, an error by an attorney which does not constitute a violation of the sixth amendment might be "cause" within the meaning of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), we reverse the decision of the district court and remand this proceeding to that court for a determination of whether Carrier can successfully meet the "cause" requirement of *Wainwright,* and if so, whether he can then satisfy the "prejudice" prong of the *Wainwright* exception to procedural bar. The basis for our ruling is adequately set forth in the panel majority opinion and need not be repeated here. *Carrier v. Hutto,* 724 F.2d 396 (4th Cir. 1983).

Judge Russell, Judge Widener, Judge Hall, and Judge Chapman dissent, believing that the district court should be affirmed because of Carrier's failure to exhaust his state remedies and his failure to satisfy the cause and prejudice requirements of *Wainwright* as articulated by Judge Hall in his dissenting opinion, 724 F.2d at 403.