762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DOYLE DEE JONES, PETITIONER-APPELLANT,
v.
WILLIAM C. SEABOLD, WARDEN, LUTHER LUCKETT CORRECTIONAL
COMPLEX, RESPONDENT-APPELLEE.
 NO. 84-5917
 United States Court of Appeals, Sixth Circuit.
 3/15/85
 ORDER
 
 1
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and GILMORE, District Judge.*
 
 
 2
 Petitioner appeals from the district court order which denied his motion to vacate its June 5, 1984 judgment dismissing his petition for a writ of habeas corpus for failure to exhaust state remedies. This matter is before the Court upon respondent's motion to dismiss, and petitioner's motions for appointment of counsel and for a transcript at government expense. After examination of the record, the parties' motions, and petitioner's informal brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In 1979 petitioner pled guilty in the Jefferson County, Kentucky Circuit Court to six counts of first degree robbery and to being a second degree persistent felony offender (P.F.O.). The P.F.O. count was based on two 1972 felony convictions. Petitioner's 1972 convictions were subsequently vacated. Petitioner filed a motion to vacate his 1979 conviction under Kentucky Criminal Rule 11.42 on the grounds that vacation of the 1972 sentence nullified the P.F.O. charge, and that he had ineffective assistance of counsel when he pled guilty to robbery. Following a hearing the trial court dismissed the P.F.O. count, but found that the 20 year sentence was reasonable, and refused to vacate it. Petitioner's counsel filed a notice of appeal from the order denying the motion to vacate. However, he failed to file the required notice of certification, see Kentucky Civil Rules 73.08 and 75.07(5), and the Kentucky Court of Appeals dismissed the case.
 
 
 4
 Petitioner sought habeas relief under 28 U.S.C. Sec. 2254. The district court dismissed for failure to exhaust state court remedies. Petitioner moved to have the judgment vacated and his petition reinstated. The district court denied the motion only after petitioner's appeal from the trial court's denial of his motion to vacate was reinstated in the Kentucky Court of Appeals.
 
 
 5
 Initially, this Court concludes that respondent's motion to dismiss must be denied because it is essentially a motion to affirm the judgment from which petitioner appeals. Such a motion is impermissible. See Sixth Circuit Rule 8(a).
 
 
 6
 Upon careful review of the district court record, this Court concludes that the district court correctly dismissed the habeas petition for failure to exhaust state remedies. A state prisoner must normally exhaust his available state court remedies before a state court will entertain his habeas petition. 28 U.S.C. Sec. 2254(b); Picard v. Conner, 404 U.S. 270 (1971); Parker v. Rose, 728 F.2d 392 (6th Cir. 1984). Exhaustion requirements are met when the merits of the claim are presented for review to the highest court in the state, Wiley v. Sowders, 669 F.2d 386, 388 (6th Cir. 1982). Petitioner has an appeal pending in the Kentucky Court of Appeals. His habeas petition will be entertained in federal court only after he has fully exhausted his state remedies before the Kentucky Court of Appeals and the Kentucky Supreme Court. See Parker v. Rose, supra, 728 F.2d at 395.
 
 
 7
 It is, therefore, ORDERED that respondent's motion to dismiss is denied. It is also ORDERED that petitioner's motions for a transcript at government expense and for counsel are denied. It is further ORDERED that the judgment of the district court is affirmed under Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation