762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID L. CAMPBELL, PLAINTIFF-APPELLANT,
v.
OHIO DEPARTMENT OF JUSTICE; PETER J. OUTCALT; JUDGE PALMER;
JUDGE KEEFE; AND JUDGE BLACK, DEFENDANTS-APPELLEES.
 NO. 84-3679
 United States Court of Appeals, Sixth Circuit.
 4/1/85
 ORDER
 
 1
 BEFORE: JONES, KRUPANSKY, Circuit Judges and HULL, District Judge.
 
 
 2
 This Ohio State prisoner requests the Court to appoint him counsel in his appeal from a district court judgment summarily dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking monetary damages and release from prison, the pro se plaintiff sued the 'Ohio Department of Justice' and four state court judges charging them with multiple counts of judicial misconduct allegedly committed during his criminal trial and in his direct criminal appeal. After allowing the plaintiff to proceed as a pauper under 28 U.S.C. 1915(d), the district court summarily dismissed the complaint as a hybrid habeas and civil rights action for the plaintiff's failure to exhaust his state court remedies and because the defendants were absolutely immune from liability for damages.
 
 
 4
 Upon review of the district court record and of the arguments presented by the plaintiff in his informal and appellate briefs, this Court concludes that the district court properly dismissed plaintiff's action for the reasons stated by it. To the extent that this plaintiff was seeking release from confinement on account of his alleged illegal conviction, it is clear that his sole federal remedy is the writ of habeas corpus under 28 U.S.C. Sec. 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). Since the plaintiff stated in his complaint that he had pending a post-conviction appeal before the Ohio Supreme Court at the time he filed his complaint, it is likewise clear that habeas relief could not then be sought by this plaintiff until he fully exhausts his state court remedies as to each one of his asserted claims. Rose v. Lundy, 455 U.S. 509 (1982); Parker v. Rose, 728 F.2d 392 (6th Cir. 1984). Plaintiff's suit, construed as a civil rights action, was also properly dismissed because all the defendants are absolutely immune from damages for allegedly committing acts within the scope of their authority and jurisdiction. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). It is observed that there does not exist a department within the Ohio State government remotely known as the 'Ohio Department of Justice.' This referenced defendant is construed to be the Ohio judicial system since only state court judges were specified as tortfeasors in the plaintiff's complaint.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Plaintiff's motion seeking the appointment of counsel is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 6
 ---------------
 
 
 
 * The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation.