798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ross CAUDILL, Petitioner-Appellant,
v.
Arnold JAGO, Respondent-Appellee.
 No. 85-3992.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1986.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Ross Caudill appeals the decision of the district court denying his petition for a writ of habeas corpus. Because we find that the district court correctly applied the "cause and prejudice" test, Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497 (1977), to bar petitioner's constitutional claim, we affirm.
 
 I.
 
 2
 Petitioner was indicted by the January 1974 term of the Allen County, Ohio, grand jury on one count of aggravated murder with a death penalty specification. Following petitioner's plea of no contest, a three-judge panel found petitioner guilty as charged. The panel conducted a sentencing hearing, following which the judges were unable to agree that the death penalty was appropriate. Accordingly, petitioner was sentenced to life imprisonment. On direct appeal, however, the Ohio Supreme Court overturned the conviction on procedural grounds. State v. Caudill, 48 Ohio St.2d 342, 358 N.E.2d 601 (1976).
 
 
 3
 On remand, the case was transferred on the prosecutor's motion to the Court of Common Pleas for Madison County, and the trial was scheduled for June 6, 1977. On the morning of trial, petitioner was brought into the judge's chambers, where the judge informed him that the trial would proceed on the original indictment. The trial judge further advised that if petitioner were found guilty of aggravated murder and one or more of the specifications, and if at the sentencing hearing it was not determined that there were mitigating circumstances, the judge "would have no hesitation" in imposing the death penalty. After consulting with his attorney "for a fairly protracted period of time," petitioner entered a plea of guilty. The court accepted petitioner's plea as knowingly and voluntarily made, dismissed the death penalty specifications, and sentenced petitioner to life imprisonment.
 
 
 4
 Petitioner subsequently filed a motion for post-conviction relief in the trial court, alleging three grounds for relief:
 
 1. improper change of venue
 2. coerced guilty plea
 3. double jeopardy
 
 5
 Although the petition was granted by a visiting judge on the venue issue, the Ohio Court of Appeals reversed, and the Ohio Supreme Court declined review.
 
 
 6
 Petitioner then filed a second motion for post-conviction relief in the trial court, renewing his claims of double jeopardy and coerced guilty plea. On appeal from the trial court's dismissal of the petition, petitioner raised only the coerced guilty plea issue. The Ohio Court of Appeals affirmed. In a motion for leave to appeal to the Ohio Supreme Court, petitioner again raised only the issue of coercion. The court sua sponte dismissed the appeal for want of a substantial constitutional question.
 
 
 7
 Petitioner thereafter filed his first petition for a writ of habeas corpus in federal court, again only alleging that his guilty plea was invalid. In Caudill v. Jago, 747 F.2d 1046 (6th Cir.1984), this court affirmed the district court's dismissal of the petition on the merits.
 
 
 8
 Petitioner subsequently filed the present petition for a writ of habeas corpus on the following ground:
 
 
 9
 The sentencing procedure in effect in 1974 under R.C. Section 2929.02 and 2929.03 constituted a "trial" and a two-tiered hearing so that once petitioner was found "innocent" of the aggravating circumstances of [sic] the mitigation hearing and given a life sentence (as opposed to death), to retry him with the possibility of the death penalty violated his right against double jeopardy under the Fifth and Fourteenth Amendments. Thus, the trial court erred in raising the possibility of the death sentence following the vacating of petitioner's original conviction thereby rendering his guilty plea involuntary.
 
 
 10
 Jt. App. at 12.
 
 
 11
 After stating that petitioner had exhausted his state court remedies as required by 28 U.S.C. Sec. 2254, the district court proceeded to hold that petitioner had waived his right to review of his claim under Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977), because he failed to raise the claim on appeal from the denial of his second post-conviction petition. The district court rejected petitioner's arguments that the "cause and prejudice" standard is inapplicable where the procedural default is the failure to raise an issue on appeal in the state courts and that the "deliberate bypass" standard set forth in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822 (1963), should instead apply. In the alternative, the court held that petitioner's claim was without merit.
 
 II.
 
 12
 We believe the law in the Sixth Circuit is established that the "cause and prejudice" standard applies to procedural defaults at both the state trial and appellate levels. See Payne v. Rees, 738 F.2d 118, 123-26 (6th Cir.1984), and Leroy v. Marshall, 757 F.2d 94, 97 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985). Relying on Maddux v. Rose, 483 F.Supp. 661, 665 (E.D.Tenn.), aff'd without opinion, 627 F.2d 1091 (6th Cir. 1980); Crick v. Smith, 650 F.2d 860, 863 (6th Cir.1981), cert. denied, 455 U.S. 922 (1982); and Parker v. Rose, 728 F.2d 392, 395 (6th Cir.1984), petitioner argues there is a split of authority within the circuit.
 
 
 13
 We need not resolve this issue, however, as the Supreme Court has recently made clear that the "cause and prejudice" standard is applicable to procedural defaults at the state appellate level. In Murray v. Carrier, 54 U.S.L.W. 4820, 4823-24 (U.S. June 26, 1986), rev'g, 754 F.2d 520 (4th Cir.1985), the Court stated:
 
 
 14
 The real thrust of respondent's arguments appears to be that on appeal it is inappropriate to hold defendants to the errors of their attorneys. Were we to accept that proposition, defaults on appeal would presumably be governed by a rule equivalent to Fay v. Noia' § "deliberate bypass" standard, under which only personal waiver by the defendant would require enforcement of a procedural default. We express no opinion as to whether counsel's decision not to take an appeal at all might require treatment under such a standard, see Wainwright v. Sykes, 433 U.S., at 88, n. 12, but, for the reasons already given, we hold that counsel's failure to raise a particular claim or claims on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts. (Emphasis in original)
 
 
 15
 In the instant case, petitioner concedes that a procedural default occurred as a result of the failure to raise his double jeopardy claim on appeal from his second petition to vacate the sentence of the Common Pleas Court. Brief at 5. Moreover, petitioner has not argued any cause for this default, but rather has restricted his claim to the assertion that the cause and prejudice standard should not apply. As shown, this argument is without merit.
 
 
 16
 We therefore need not review the merits of petitioner's double jeopardy claim except to note that this is not "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," in which "a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 54 U.S.L.W. at 4825.
 
 III.
 
 17
 Accordingly, the decision of the district court is AFFIRMED.