802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANIEL B. TAYLOR, Petitioner-Appellant
v.
BEN POINDEXTER, WARDEN, Respondent-Appellee.
 No. 85-5875.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1986.
 
 1
 BEFORE: KEITH and MARTIN, Circuit Judges; and RUBIN, District Judge*
 
 ORDER
 
 2
 Petitioner is appealing from a judgment dismissing his habeas corpus action filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The record shows that in 1982, petitioner was convicted of second degree murder in Shelby County, Tennessee. He was sentenced to life imprisonment. He appealed his conviction to the Tennessee Court of Criminal Appeals, presenting seven claims for review:
 
 
 4
 1. That the evidence was not sufficient to support his conviction;
 
 
 5
 2. That the trial court improperly restricted cross-examination of the petitioner's girlfriend, Gloria Glinsey;
 
 
 6
 3. That the trial court erred in allowing cross-examination of the petitioner regarding a prior felony conviction;
 
 
 7
 4. That the trial court erred in allowing the assistant district attorney and counsel to reply to an immaterial question asked by a juror at the conclusion of rebuttal argument;
 
 
 8
 5. That the trial court erred in not sua sponte conducting a hearing to determine whether an incriminating statement made by petitioner was voluntary;
 
 
 9
 6. That the trial court erred in allowing defense counsel to present a motion for release of counsel and for continuance in the presence of prospective jurors; and
 
 
 10
 7. That his trial counsel rendered ineffective assistance.
 
 
 11
 In a decision issued January 26, 1984, the court of appeals affirmed petitioner's conviction. Petitioner's application for permission to appeal to the Supreme Court of Tennessee was denied.
 
 
 12
 Thereafter, petitioner filed the present habeas corpus action in federal court, raising the following issues:
 
 
 13
 1. That police had improperly searched and seized certain evidence pursuant to an invalid arrest warrant;
 
 
 14
 2. That numerous errors were made during the course of the trial;
 
 
 15
 3. That the conviction was obtained by the use of known perjured testimony;
 
 
 16
 4. That the jury was improperly separated;
 
 
 17
 5. That defense counsel impermissibly stated to the trial court that petitioner was guilty;
 
 
 18
 6. That defense counsel rendered ineffective assistance;
 
 
 19
 7. That the evidence was not sufficient to support the jury's verdict; and
 
 
 20
 8. That the evidence was not sufficient to support the trial court's judgment of commitment.
 
 
 21
 In an order dismissing the action, the district court found that petitioner had failed to exhaust state remedies as to Issues 1, 3, 4 and 5 above. As to Issue 6 (ineffective assistance of counsel) the court held that petitioner had raised two factual allegations in his federal action that had not been raised in state court. The court also noted that petitioner had not filed a petition for post-conviction relief in state court. The petition was dismissed under Rose v. Lundy, 455 U.S. 509 (1982), and Bowen v. State of Tennessee, 698 F.2d 241 (6th Cir. 1983) (en banc). This timely appeal followed.
 
 
 22
 Upon consideration, this Court agrees with the district court's decision. Clearly, petitioner has failed to exhaust state remedies. He may file a petition for post-conviction relief in the state courts under Section 40-30-120, Tennessee Code Annotated. The state courts may decide that petitioner has waived grounds presented herein which have not been exhausted. However, this determination must be made in the first instance by the state courts. Parker v. Rose, 728 F.2d 392, 394-95 (6th Cir. 1984).
 
 
 23
 Therefore, it is ORDERED that the judgment below be affirmed for the reasons stated by the district court in its order of dismissal filed August 20, 1985. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation