798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter L. ALEXANDER, Appellant.
v.
Allyn R. SIELAFF, Attorney General of the State of Virginia,
Appellees.
 No. 86-7596.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 25, 1986.
Decided Aug. 29, 1986.
 
 Walter L. Alexander, appellant pro se.
 Robert Homer Anderson, Office of the Attorney General, for appellees.
 E.D.Va.
 DISMISSED.
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Walter L. Alexander, a Virginia inmate, seeks to appeal the order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Alexander was convicted of robbery and sentenced to life imprisonment. Alexander alleged in his petition that he was denied due process by a suggestive out-of-court identification, and that he was denied the effective assistance of counsel in that counsel failed to preserve this issue for appellate review in the virginia state courts.
 
 
 2
 The district court, relying in part on this Court's holding in Carrier v. Hutto, 754 F.2d 520 (4th Cir. 1985), found that even assuming that Alexander could show "cause" under Wainwright v. Sykes, 433 U.S. 72 (1976), he failed to show sufficient "prejudice" both to overcome the state procedural bar recognized by Wainwright, and to make out a sixth amendment claim of ineffec tive assistance bf counsel under Strickland v. Washington, 466 U.S. 668 (1984). It therefore denied his petition for habeas relief.
 
 
 3
 Subsequent to the district court's ruling in this case, the Supreme Court announced its decision in Murry v. Carrier, --- U.S. ----, 54 U.S.L.W. 4820 (June 26, 1986), reversing Carrier v. Hutto. The Supreme Court held in Murray that attorney error short of ineffective assistance of counsel does not establish cause for a procedural default. 54 U.S.L.W. at 4822. As the district court here properly found that counsel's failure to pre serve the identification issue did not constitute ineffective assistance, we conclude, under Murray, that Alexander has failed to establish either cause or prejudice sufficient to overcome the procedural bar to review of his identification claim. Accordingly, we deny a ce rtificate of probable Cause to appeal, dispense with oral argument, and dismiss the appeal.
 
 
 4
 DISMISSED.