833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rickie RIGGS, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 87-5466.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1987.
 
 Before ENGEL and CORNELIA G. KENNEDY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner brought this action under 28 U.S.C. Sec. 2254, alleging that he was denied the right to appeal from the judgment of the conviction and that he received ineffective assistance of counsel during trial and at an evidentiary hearing held on his motion for reinstatement of the right to appeal. The district court denied the relief sought.
 
 
 3
 Review of the record shows that petitioner failed to exhaust each claim in his petition. Therefore, the district court's judgment is vacated and the case is remanded with instructions to dismiss for failure to exhaust state remedies.
 
 
 4
 A state prisoner must exhaust all available state remedies before bringing a habeas petition under 28 U.S.C. Sec. 2254. Although the exhaustion requirement is not jurisdictional, it is strictly enforced. Strickland v. Washington, 466 U.S. 668, 684 (1984). If the habeas petition contains any nonexhausted issues, the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 515-520 (1982). Notwithstanding this requirement, a court may address a petition containing unexhausted issues when the petition is meritless, the state's attorney concedes the issue of exhaustion, and the appellate court's disposition would not affect the state court's decision. This serves comity and efficiency. See Granberry v. Greer, --- U.S. ----, 107 S.Ct. 1671 (1987); Prather v. Rees, 822 F.2d 1418 (6th Cir.1987). The Sixth Circuit is obligated to review the exhaustion issue sua sponte. Parker v. Rose, 728 F.2d 392, 394 (6th Cir.1984).
 
 
 5
 The record does not establish that petitioner exhausted all issues. The record on appeal shows that petitioner exhausted the issue of whether he was denied the right to appeal his conviction. However, he has not shown that he exhausted the issues of whether counsel provided him with effective assistance. Although the district court addressed the merits of the claim against Mr. Hadley, it specifically declined to express an opinion as to whether that claim was exhausted. The fact remains that the state courts have not had the opportunity to address the merits of these claims.
 
 
 6
 In addition, petitioner has an available remedy to pursue by filing a motion under Ky.R.Crim.P. 11.42.
 
 
 7
 The respondent has not conceded the exhaustion issue, and the interests of justice do not suggest an exception to the exhaustion doctrine.
 
 
 8
 Accordingly, so much of the district court's judgment as rules upon the merits of petitioner's habeas corpus claim is vacated and the cause is remanded to the district court with instructions to dismiss the petition for failure to exhaust state remedies. Rose v. Lundy, 455 U.S. 509 (1982). Rule 9(b)(6), Rules of the Sixth Circuit.