859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
O'Rane M. CORNISH, Petitioner-Appellant,
v.
STATE OF TENNESSEE, Respondent-Appellee.
 No. 87-5455.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1988.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 O'Rane M. Cornish appeals the district court dismissal of his petition for writ of habeas corpus. In March, 1984 Cornish was convicted of two counts of passing bad checks valued at more than $200.00 and sentenced by the jury to serve two three-year prison terms. Appeal of this conviction was dismissed by the Tennessee Court of Criminal Appeals on May 14, 1985 and again on September 10, 1986. The opinion of the court in the latter dismissal thoroughly discusses all of the post-conviction relief which Cornish has sought and which need not be repeated here. In all of this, though, it is important to note that Cornish has yet to seek direct or delayed appeal of his convictions to the Tennessee Supreme Court.
 
 
 2
 On November 3, 1986, Cornish filed a petition for writ of habeas corpus with the Federal District Court for the Western District of Tennessee. The district court dismissed his petition on the finding that Cornish had failed to exhaust his state remedies.
 
 
 3
 Cornish filed a motion to reconsider the district court order dismissing his petition on December 1, 1986. On April 10, 1987 the district court denied this motion to reconsider. Cornish filed his appeal to this court April 22, 1987.
 
 
 4
 Appellant Cornish raises, in essence, two reasons why the district court should not have dismissed his petition for writ of habeas corpus. First, Cornish claims that the district court erred in holding that he had failed to exhaust his state remedies. Second, he asserts that the district court erred by failing to require that the petition for habeas be served on the Tennessee Attorney General, that the State of Tennessee respond to the petition, and that an evidentiary hearing be held.
 
 
 5
 Under 28 U.S.C. Sec. 2254, a state prisoner's petition for writ of habeas corpus will not be granted unless he or she has exhausted all available state court remedies. Rose v. Bundy, 455 U.S. 509, 602 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The district court found that Cornish had "not fully exhausted his state court remedies as required by 28 U.S.C. Sec. 2254." (District Court's Memorandum and Order, J.A. at 13). The court found that Cornish's appeal was "dismissed on September 10, 1986 by the Court of Criminal Appeals which held that he had lost his right to appeal in May of 1985." Id. Because Cornish did not petition the Tennessee Supreme Court to review the judgment of the Tennessee Court of Criminal Appeals dismissing Cornish's appeal, the district court concluded that Cornish did not fully exhaust his state remedies. Accordingly, the district court properly dismissed the petition.
 
 
 6
 It cannot be said that failure to pursue a state supreme court appeal or other state post-conviction remedy is futile. See Parker v. Rose, 728 F.2d 392 (6th Cir.1984). In Parker this court held that state courts must have "an opportunity to examine the facts and pass on the validity of petitioner's federal constitutional claim." Id. at 394. "Where there is no reason to believe that state judicial remedies would be unavailable, we are obliged to hold that petitioner's [constitutional] claims may not properly be considered on the merits for the first time in a federal habeas proceeding." Id. at 395. That is, to comply with the exhaustion requirement of 28 U.S.C. Sec. 2254, a petitioner must not only seek appeal of his case through the state appellate process, he or she must also exhaust the state habeas process before seeking relief through a writ of federal habeas corpus. Cornish has failed on both accounts.
 
 
 7
 That the district court did not require the petition for habeas to be served on the Tennessee Attorney General, or that Tennessee respond to the petitioner, or that an evidentiary hearing be held, are all irrelevant in this case. These facts would only be relevant if the petition for federal habeas were proper in the first place. We have concluded that it was not and that the dismissal of Cornish's petition was correct.
 
 
 8
 We affirm the decision of the district court.