875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. HOUSLER, Petitioner-Appellant,
v.
Ed ARBOGAST, Warden, Respondent-Appellee.
 No. 88-6230.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1989.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Michael K. Housler moves for counsel and appeals from the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254 for failure to exhaust all available state remedies. Housler pleaded guilty to armed robbery and aggravated kidnapping and was sentenced to two twenty-year sentences, to run concurrently.
 
 
 4
 In a subsequent petition to the state trial court for post-conviction relief, Housler alleged that (1) he received ineffective assistance of counsel; (2) there was prosecutorial misconduct at his trial; (3) his guilty plea was involuntary; (4) the trial court failed to insure that the plea was voluntary; (5) the trial court failed to advise him of his right not to incriminate himself; and (6) he was denied counsel of his choice. The petition was denied. Housler appealed, but the last two claims made in the state trial court were not presented to the state court of appeals. The state supreme court denied review. Housler thereafter brought the present federal habeas corpus proceeding, raising all six of the issues raised in the state trial court.
 
 
 5
 After considering the respondent's motion to dismiss, Housler's response, the magistrate's report and recommendation, and Housler's objections, the district court dismissed the petition. This appeal followed.
 
 
 6
 Upon consideration, we conclude that the district court's order should be affirmed because the petition contains claims that have not been exhausted in the state courts. See Rose v. Lundy, 455 U.S. 509, 522 (1982), and Teague v. Lane, 109 S.Ct. 1060, 1067-68 (1989). Housler may still present his unexhausted issues to the state courts as there is nothing in the Tennessee post-conviction procedure statute that prohibits him from filing another post-conviction petition. See Tenn.Code Ann. Secs. 40-30-101 to 40-30-124; Parker v. Rose, 728 F.2d 392, 393 (6th Cir.1984).
 
 
 7
 Exhaustion is not excused in this case under Granberry v. Greer, 481 U.S. 129 (1987), because the issues do not appear to be frivolous and the state attorney general has not waived the exhaustion issue. See Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987).
 
 
 8
 The motion for counsel is hereby denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation