70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce Edward LITTLE, Petitioner-Appellant,
v.
J.R. MILLER, Warden; Charles W. Burson, Respondents-Appellees.
 No. 94-6481.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: WELLFORD, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Bruce Edward Little, a pro se Tennessee prisoner, appeals a district court judgment dismissing his application for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Little was convicted of conspiracy to deliver, possession with intent to deliver, and delivery of over 30 grams of cocaine. He was sentenced in January 1991 to a total of 36 years in prison. The Tennessee Court of Criminal Appeals affirmed Little's conviction on May 13, 1992, and the Tennessee Supreme Court denied leave to appeal.
 
 
 3
 In his federal habeas corpus petition, Little raised six grounds for relief: (1) insufficient evidence to convict, (2) erroneous admission of testimony concerning prior criminal conduct, (3) erroneous admission of evidence of Little's income and expenses, (4) erroneous admission of a tape recorded conversation in violation of Little's right to confront witnesses, (5) prosecutorial misconduct during closing argument, and (6) erroneous imposition of consecutive sentences based upon a finding that Little was a professional criminal. Each one of these issues appears to have been presented to the Tennessee courts in Little's direct appeal. Nevertheless, the respondents filed a motion to dismiss the petition for failure to exhaust state court remedies. The district court granted the respondents' motion in a memorandum and order entered on August 29, 1994, which dismissed Little's petition without prejudice. The basis for the district court's ruling was a statement on the next-to-last page of Little's petition which indicated that a post-conviction petition raising the issue of ineffective assistance of counsel was then being drawn with the intention of filing it in the state courts.
 
 
 4
 On appeal, Little argues that his habeas corpus petition should not have been dismissed because all of the grounds for relief presented therein were properly exhausted. Upon review, we vacate the district court's order.
 
 
 5
 As a general rule, state prisoners must first exhaust their available state court remedies before seeking federal habeas corpus relief by fairly presenting all their grounds for relief to the state courts. 28 U.S.C. Sec. 2254(b)-(c); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). Normally, the exhaustion requirement is satisfied after the petitioner fairly presents all his issues to the highest court in the state in which the petitioner was convicted, thus giving the state a full and fair opportunity to rule on them before seeking relief in federal court. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994).
 
 
 6
 The district court appears to have accepted Little's assertion that all six of the issues raised in the habeas corpus petition were presented to the highest court in the State of Tennessee. The respondents contend for the first time on appeal that three of Little's stated grounds for relief were presented to the Tennessee courts as issues of state law only. We cannot evaluate this contention, not having been favored with the pertinent papers from the state court proceedings, but we are satisfied that the respondents have waived this argument by failing to present it to the district court.
 
 
 7
 If, as we conclude on the record before us, the six issues raised in Little's petition were exhausted in the state courts, the district court should have considered the merits of the petition. The form used by Little in preparing his petition asked whether Little had sought or contemplated seeking post-conviction relief in state court, and Little indicated in response to this question that he contemplated filing a petition seeking post-conviction relief in the state trial court on ineffective assistance of counsel grounds. No ineffective assistance claim was advanced in the federal habeas petition, however, and the fact that Little said he contemplated an additional filing in state court did not mean that the federal court had been presented with an unexhausted claim. This case is not controlled by Parker v. Rose, 728 F.2d 392 (6th Cir.1984), where an unexhausted claim was squarely presented to a federal habeas court for decision.
 
 
 8
 Accordingly, we vacate the district court's order and remand this case for consideration on the merits. Rule 9(b)(3), Rules of the Sixth Circuit.