**Daniel Duane GILBERT,
Petitioner-Appellant,**

v.

**Al PARKE, Respondent-Appellee.**

No. 84–5713.

United States Court of Appeals,
Sixth Circuit.

Argued April 11, 1985.

Decided June 10, 1985.

Frank E. Haddad, Jr., Ronald P. Hillerich, argued, Louisville, Ky., for petitioner-appellant.

David A. Armstrong, Atty. Gen., Robert W. Hensley, argued, Eileen Walsh, Frankfort, Ky., for respondent-appellee.

Before KENNEDY and CONTIE, Circuit Judges, and KINNEARY, District Judge.*

CONTIE, Circuit Judge.

Petitioner Duane Gilbert appeals from a district court judgment denying habeas corpus relief under 28 U.S.C. § 2254. The Kentucky Supreme Court had previously upheld Gilbert's convictions on two counts of robbery, one count of kidnapping and one count of rape. For the reasons set forth below, we affirm the judgment of the district court.

### I.

At 1:00 P.M. on April 2, 1976, an armed robber confronted Janie Watson, who was working at the Foto Fair store in Gardiner Lane Shopping Center located in Louisville, Kentucky. The robber instructed Watson to take a bag of money to his car. She complied but refused to enter the vehicle. As the robber drove away, Watson observed the license plate number and then called the police.

---

* The Honorable Joseph P. Kinneary, United States District Judge for the Southern District of Ohio, sitting by designation.

Detective O'Brien investigated and discovered that the license plate was registered to a car belonging to Carolyn Jones on Lake Storm Street. O'Brien went to the Lake Storm address but the car was not present. O'Brien then canvassed the neighborhood and learned that the petitioner lived with Jones. Having obtained this information, O'Brien prepared a photo array and presented it to Watson. She identified the petitioner as the robber.

Meanwhile, another Foto Fair store in Louisville was robbed at 2:40 P.M. on April 2, 1976. After taking money the assailant ordered a female employee into the front seat of his car. The assailant drove the employee to a secluded wooded area and raped her. At 3:30 P.M., the victim appeared both disrobed and crying hysterically at a nearby home. The home owner called the police. The victim subsequently identified the petitioner's photograph.

The police returned to the Lake Storm address without a warrant sometime after 4:30 P.M. They entered and arrested the petitioner, who was in the shower. A gun and money were discovered lying on a table.

At trial, the following colloquy occurred during direct examination between the prosecutor and the arresting officer:

Q: Did you place him under arrest?

A: Yes, sir, we did, and advised him of his constitutional rights at that time.

Q: Did he make any statements to you?

A: No, sir, he didn't.

The petitioner did not object to either question or answer. During final argument, the prosecutor argued for the maximum sentence and referred to the availability of parole. The petitioner did not object to either of these statements.

The petitioner also moved for a directed acquittal on the kidnapping charge because of insufficient evidence and because KRS § 509.050 precluded a kidnapping conviction. The motion for directed acquittal was denied. The Kentucky Supreme Court also rejected the argument that KRS § 509.050 precluded a conviction for kidnapping under the facts of this case. *See Gilbert v.*

*Commonwealth,* 637 S.W.2d 632 (Ky.1982), *cert. denied,* 459 U.S. 1149, 103 S.Ct. 794, 74 L.Ed.2d 998 (1983).

On this appeal, the petitioner makes the following arguments: (1) the Kentucky courts neither afforded him a full and fair opportunity to litigate the validity of the arrest and search at the Lake Storm address nor decided the Fourth Amendment issue correctly, (2) the prosecutor violated *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), when he inquired at trial about whether the petitioner had made any statement after receiving the *Miranda* warnings, (3) the prosecutor made improper comments during final argument, and (4) the motion for directed acquittal on the kidnapping charge should have been granted either because of insufficient evidence or because KRS § 509.050 precluded a conviction for kidnapping. We consider each of these issues.

## II.

Gilbert initially contends that the arrest and search at the Lake Storm address were invalid under *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Although *Payton* was decided four years after the events in question, the decision applies retroactively. *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982).

Despite the retroactivity of *Payton,* federal review of Gilbert's Fourth Amendment challenge to the arrest and subsequent search is barred if the state provided a full and fair opportunity to litigate the claim. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism. *See Riley v. Gray,* 674 F.2d 522, 526 (6th Cir.), *cert. denied,* 459 U.S. 948, 103 S.Ct. 266, 74 L.Ed.2d 207 (1982).

The petitioner does not claim that the state failed to provide a mechanism by which Fourth Amendment claims could be

raised. Moreover, the Kentucky Supreme Court's opinion in *Gilbert v. Commonwealth*, 637 S.W.2d 632 (Ky.1982), *cert. denied*, 459 U.S. 1149, 103 S.Ct. 794, 74 L.Ed.2d 998 (1983), shows that the Court considered the petitioner's Fourth Amendment claim, applied *Payton* and ruled that exigent circumstances justified the warrantless arrest and subsequent search. Thus, Gilbert was afforded a full and fair opportunity to contest the arrest and search. This is not a situation like that involved in *Gamble v. State of Oklahoma*, 583 F.2d 1161 (10th Cir.1978), where the state courts refused to discuss or to apply controlling Supreme Court precedent.

Gilbert contends that the Kentucky Supreme Court egregiously misapplied *Payton* and that this court, like the Tenth Circuit in *Gamble*, should reach the merits. We disagree. This court in *Riley* declined to adopt that portion of *Gamble* permitting federal review of egregious substantive errors committed by state courts on Fourth Amendment claims. 674 F.2d at 525–26. Since the Kentucky courts provided Gilbert a full and fair opportunity to litigate his Fourth Amendment claims, second-guessing the Kentucky Supreme Court on the merits would be inconsistent with *Stone v. Powell*. *See Riley*, 674 F.2d at 526. *Stone v. Powell* made clear that no substantial deterrent purpose is served by reversing state convictions on collateral attack on Fourth Amendment grounds. 428 U.S. at 493, 96 S.Ct. at 3051. Deterrence is, of course, the rationale underlying the exclusionary rule. *Id.* at 484–86, 96 S.Ct. at 3047–48. We hold that review of the petitioner's Fourth Amendment claim is barred by *Stone v. Powell*.

■ Gilbert's second claim is that the prosecutor violated *Doyle v. Ohio* when he asked the arresting officer on direct examination whether Gilbert had made any statement after receiving the *Miranda* warnings. Since the petitioner did not object, however, he must demonstrate cause and prejudice, *see, e.g., Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), if the state courts relied upon the failure to object in rejecting the *Doyle* claim.

The record shows that the state argued both the merits of the *Doyle* claim and Gilbert's procedural default in its brief before the Kentucky Supreme Court. In its *Gilbert* opinion, the Kentucky Supreme Court did not discuss the *Doyle* problem. Instead the Court rejected Gilbert's *Doyle* claim and certain other claims with the words, "the other assertions of error are without merit." 637 S.W.2d at 635.

This court has held that the use of the word "merit" in such a conclusory denial of a claim does not indicate whether the state court reached the merits, relied upon the procedural default or did both. *See Raper v. Mintzes*, 706 F.2d 161, 164 (6th Cir.1983). This court further held in *Raper* that where the state argued both the merits and the procedural default in its state court brief and where the state court decision does not indicate whether the court relied upon the procedural default, the procedural default must be regarded as a substantial basis of the state court's decision:

> if the prosecutor argued in the alternative, the federal court may assume that the state court did not rely solely on the merits unless it says so. [Citation omitted.]

*Id.* In that situation, the procedural default bars consideration of the habeas petitioner's claim unless cause and prejudice is shown. *See Hockenbury v. Sowders*, 620 F.2d 111, 115–16 (6th Cir.1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981). Since the petitioner has not attempted to demonstrate cause and prejudice in his brief on this appeal, consideration of his *Doyle* claim is barred.

We acknowledge that if the recent decision of this court in *Meeks v. Bergen*, 749 F.2d 322 (6th Cir.1984), were applied, this court would be compelled to reach the merits of the *Doyle* claim. In *Meeks*, as in the present case, the state argued both the merits and a procedural default in its state court brief in response to a claim of ineffective assistance of counsel. The state court decision did not indicate whether the claim had been denied on procedural grounds or on the merits. Despite *Raper*, however, the court in *Meeks* reached the merits.

The conceptual problem underlying the *Meeks* opinion is reflected in the following language:

> Where, as here, the state has argued in the alternative, *Raper* teaches that the federal courts may assume that the state court did not rely *solely* upon either the merits *or the procedural grounds.* [Emphasis supplied.]

749 F.2d at 326. Although it is true that the state court in *Meeks* may not have relied *solely* upon procedural grounds in denying the defendant leave to appeal, it was not necessary for the state court to have relied solely upon the procedural default in order for consideration of the merits of the defendant's claim to have been barred. All that was necessary was that the procedural default constituted *a* substantial basis for the state court's decision. *See Hockenbury, supra.* The *Raper* decision holds that the federal courts must assume that a procedural default was a substantial basis for the state court decision where the state argued both the default and the merits in state court and where the state court decision does not indicate the ground(s) upon which it relied.

It should have made no difference in *Meeks* that the Michigan courts sometimes review the merits of defendants' claims despite the presence of procedural defaults. 749 F.2d at 326. As has been indicated, a state court may uphold a defendant's conviction both on the merits and on procedural grounds. In such circumstances, *Hockenbury* teaches that the procedural ground is a substantial basis of the state court's decision and that review of the merits on habeas is barred. Since the state court decision in *Meeks* was silent concerning the grounds upon which it relied, *Raper* required this court to assume that the procedural default was a substantial basis of the state court's decision even if the state court might also have reached the merits. Since *Raper* was controlling circuit precedent when *Meeks* was decided, we follow *Raper* rather than *Meeks* in this case.

■ Gilbert's third claim is that the prosecutor's statements urging the jury to impose the maximum sentence, and referring to the availability of parole, rendered the entire trial fundamentally unfair. *See, e.g., Stumbo v. Seabold,* 704 F.2d 910, 911 (6th Cir.1983) (fundamental unfairness test in prosecutorial misconduct cases arising under § 2254); *Summitt v. Bordenkircher,* 608 F.2d 247, 253 (6th Cir.1979), *aff'd* 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549 (1981) (same). As has been indicated, however, Gilbert did not object to the prosecutor's comments. Since the state argued both the merits and the failure to object in its state court brief and since the Kentucky Supreme Court's opinion in *Gilbert* does not indicate whether it relied upon the procedural default in rejecting this claim, the failure to object must be regarded as a substantial basis of the Kentucky Supreme Court's decision. *Raper,* 706 F.2d at 164. Under *Hockenbury,* therefore, the petitioner must establish cause and prejudice. Since he has not argued cause and prejudice in his brief, the petitioner's prosecutorial misconduct claim may not be reviewed.

■ Gilbert counters that despite his failure to object to the prosecutor's comments, the cause and prejudice test does not apply and this court may review the prosecutor's comments for plain error. *See Cook v. Bordenkircher,* 602 F.2d 117, 119 (6th Cir.), *cert. denied,* 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979). Although *Cook* so held, this portion of *Cook* is inconsistent with intervening authority. In *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), a case arising under 28 U.S.C. § 2255, the Supreme Court held that the plain error standard may be used only on direct appeal and not on collateral attack. This court extended the *Frady* holding to § 2254 cases in *Fornash v. Marshall,* 686 F.2d 1179, 1186 (6th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983). In view of the Supreme Court's intervening decision in *Frady* and the application of *Frady* in *Fornash,* we conclude that review of the petitioner's prosecutorial misconduct claim is barred.

■ Gilbert's fourth claim is that KRS § 509.050 precluded a conviction for kid-

napping. The Kentucky Supreme Court held otherwise, however, in *Gilbert.* Since the construction of KRS § 509.050 is purely a question of state law, the Kentucky Supreme Court's decision is binding on this court.

■ Finally, Gilbert contends that viewing the evidence on the kidnapping charge in the light most favorable to the government, no rational fact-finder could have found the evidence sufficient to support a conclusion of guilt beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). We disagree. The rape victim testified that the petitioner forced her to enter his car, drove her to a secluded wooded area and raped her. This testimony clearly is sufficient to support the conviction.

The judgment of the district court is AFFIRMED.