798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd Julius SPRUYTTE, Plaintiff-Appellant,
v.
Theodore KOEHLER, Respondent-Appellee.
 No. 85-1813.
 United States Court of Appeals,
Sixth Circuit.
 July 29, 1986.
 
 Before KEITH, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, Floyd J. Spruytte, appeals the district court order denying his petition for a writ of habeas corpus. The district court held that when an appeal is denied for failure to comply with the state's "contemporaneous objection rule," the defendant suffers a "procedural default" and is barred from raising the same issues in a petition for writ of habeas corpus absent a showing of "cause and prejudice." For the following reasons, we affirm the district court's decision.
 
 
 2
 On October 26, 1972, a Michigan jury convicted petitioner of sodomy, armed robbery, breaking and entering, procuring an act of gross indecency, assault with a deadly weapon, rape, aiding and abetting rape and larceny from a person. On May 4, 1982 petitioner petitioned the district court for a writ of habeas corpus, alleging seven constitutional violations with respect to the state court proceeding.[1] The magistrate recommended that the petition be denied because petitioner failed to establish any deprivation of his federally secured constitutional rights in the trial court's instructions, the prosecutor's remarks, or the performance of his counsel. The district court held that because petitioner did not make objections at trial pursuant to issues he raised in his habeas petition, the "cause and prejudice" requirement of Wainwright v. Sykes, 433 U.S. 72 (1977), must be satisfied before the federal courts can properly consider the merits of petitioner's constitutional claims.[2]
 
 
 3
 The central issue on appeal is whether this Court is precluded from reviewing petitioner's claims regarding the prosecutor's comments and judicial instructions. We believe we are under this Court's recent decision of Gilbert v. Parke, 763 F.2d 821 (6th Cir.1985).
 
 
 4
 In Gilbert, we held that where, on appeal of a state criminal conviction, the prosecutor argued both the merits and procedural default in petitioner's failure to object to the prosecutor's statements and where the state appellate court's decision did not indicate whether it relied upon procedural default, procedural default should be regarded as substantial basis of the state court's decision. Id. at 824-825.
 
 
 5
 In the instant case, petitioner did not object at trial to the district court's jury instruction on intent or the comments by the prosecutor. Moreover, it is not clear from the face of the Michigan appellate decisions whether the state courts relied on the procedural bar in denying petitioner relief. A review of the briefs indicate that the prosecutor asserted both the procedural bar and the merits of petitioner's claim in the state appellate court's proceedings. Accordingly, we agree with the district court that Gilbert dictates that we assume the procedural bar was a "substantial basis" for the Michigan appellate courts' decisions. Consequently, this Court cannot properly decide petitioner's jury instruction claim or improper prosecutorial comment claim on the merits absent a showing of "cause and prejudice."
 
 
 6
 In this circuit, if a failure to object to a Sandstrom v. Montana, 442 U.S. 510 (1979)[3] instruction occurred before the Supreme Court's ruling in In re Winship, 397 U.S. 358 (1970), cause will be found. McBee v. Grant, 763 F.2d 811 (1985). The trial in the present case took place in 1972. Therefore, under McBee, cause does not exist and petitioner's Sandstrom claims are barred.
 
 
 7
 Upon consideration of the briefs, together with the record on appeal, this Court concludes that the district properly decided the issue. Accordingly, we affirm the judgment of the district court on the basis of the rationale in this per curiam and the memorandum opinion of the Honorable Ralph M. Freeman dated September 30, 1985.
 
 
 
 [1]
 Petitioner alleged: (1) that the trial court's instruction on intent violated his right to due process; (2) the trial court's instruction on the insanity defense violated his right to due process; (3) the prosecutor's remarks during closing arguments violated his right to a fair trial; (4) the trial court's instruction on intoxification violated his right to due process; (6) ineffective assistance of counsel; and (7) ineffective assistance of counsel on appeal
 
 
 [2]
 Although Magistrate Carlson concluded that petitioner was not required to show "cause and prejudice" with respect to his failure to make objections at trial, the district court disagreed and applied the procedural bar. The district court stated that petitioner suffered a state "procedural default" and therefore is barred from raising the same issues in a habeas petition absent a showing of cause for failure to comply with the contemporaneous objection rule and actual prejudice as a result of the alleged constitutional violation
 
 
 [3]
 In Sandstrom, the Supreme Court held that a jury instruction which impermissibly shifted the burden of proof, was unconstitutional