815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Denver Maxwell GOREE, Jr., Petitioner-Appellant,
v.
Dale FOLTZ, Warden, Respondent-Appellee.
 No. 86-1721.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1987.
 
 Before LIVELY, Chief Judge, ELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court order which dismissed his petition for a writ of habeas corpus (28 U.S.C. Sec. 2254). The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is serving a life sentence imposed on a 1969 conviction pursuant to a jury verdict that he is guilty of first degree murder. His direct appeal avenues failed to afford appellant relief. In 1981, appellant filed a delayed motion for a new trial in which he alleged that certain jury instructions given at his trial were erroneous. The trial court denied the motion without opinion and the Michigan Court of Appeals affirmed without opinion. The Michigan Supreme Court denied appellant's motion for leave to appeal.
 
 
 3
 The first and second grounds advanced by appellant in his habeas petition are that the trial court improperly instructed the jury on the elements of intent and malice in violation of Sandstrom v. Montana, 442 U.S. 510 (1979). Because appellant did not object to the instructions at trial, he must demonstrate cause for such failure and actual prejudice therefrom. Wainwriqht v. Sykes, 432 U.S. 72 (1977). In McBee v. Grant, 763 F.2d 811, 817 (6th Cir. 1985), this Court determined that cause is found for failure to object to the Sandstrom instructions if the instructions occurred before In Re Winshio, 397 U.S. 358 (1970). Appellant was tried and convicted in 1969, so cause is found for his failure to object to the challenged instructions. Appellant did not respond to the district court's request to address the cause and prejudice issue. Assuming arguendo that the challenged instructions are the type prohibited by Sandstrom, and impermissibly instructed the jury to presume intent and malice, the prejudice aspect of the Wainwriqht test is disposed of by applying the following test: whether the evidence is so dispositive that the reviewing court can say beyond a reasonable doubt that the jury would have found it necessary to rely on the presumption in the instruction. Rose v. Clark, --U.S. ----, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); Marlo v. Bolden, 801 F.2d 252, 255 (6th Cir. 1986); Beck v. Norris, 801 F.2d 242, 246 (6th Cir. 1986).
 
 
 4
 Appellant took the stand at his trial and admitted to committing an armed robbery at The Stocking Food Market. After leaving the store, he and his co-defendant were followed by a police car and pulled over to a curb. During the arrest, there was a struggle with the police officer and the gun that appellant was holding discharged and fatally wounded the officer.
 
 
 5
 Because the record supports the conclusion that the murder occurred in the perpetration of robbery to which appellant admitted, it is concluded that the error in the instructions, if any, was harmless beyond a reasonable doubt. If the challenged instructions are deleted from the overall instructions, the evidence offered by the state supports a finding of first degree murder (felony murder) beyond a reasonable doubt.
 
 
 6
 The third claim presented by appellant concerning the trial court's instruction on manslaughter is disposed of by the application of Gilbert v. Parke, 763 F.2d 821 (6th Cir. 1985). Appellant's claim for habeas relief with respect to the manslaughter instruction, like one of Gilbert's claims, was not raised at trial and is therefore subject to the Wainwright cause and prejudice test, if the state courts relied on the failure to object in rejecting the claim. Where the state argues both the procedural default (of failing to object) and merits of the claim in its state court brief and the state court decision does not indicate whether the court relied upon the procedural default, the procedural default must be regarded as a substantial basis for the state court's decision. The record herein reflects that the state did argue the merits and the procedural default in the state courts in opposing the appellant's delayed motion for a new trial. The state court opinions do not reflect upon which ground their decisions were based; this court must assume that the procedural default of failing to object to the instructions at trial was a substantial basis for their rejection of the claim and habeas relief is barred absent a showing of cause and prejudice. Gilbert, supra at 824. Because appellant does not demonstrate cause and prejudice with respect to the manslaughter instruction, consideration of this claim is barred. Furthermore, for reasons already mentioned with regard to felony-murder instructions, it is concluded that appellant was not prejudiced by the manslaughter instruction.
 
 
 7
 The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(b)(5), Rules of the Sixth Circuit. Therefore, the motion for counsel is hereby denied and the district court's order of dismissal is affirmed.