822 F.2d 60
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith WILLIAMS, Petitioner-Appellant,
v.
William ABSHIRE, Superintendent, Riverside Correctional
Facility, Respondent-Appellee.
 No. 86-1070
 United States Court of Appeals, Sixth Circuit.
 July 8, 1987.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith Williams appeals the district court's denial of his habeas corpus petition. After considering the proceedings in the state courts, we find that Williams did not preserve the issues raised in his habeas petition for appellate review at the state level. The state did not waive this procedural default. The federal court therefore cannot consider the merits of Williams's petition as he has not demonstrated the 'cause and prejudice' required by Wainwright v. Sykes, 433 U.S. 72 (1977). We thus affirm the district court's dismissal of Williams's petition.
 
 
 2
 * Williams was convicted by a Michigan Recorder's Court jury on November 12, 1980, of two counts of armed robbery, one count of assault with intent to commit great bodily harm, and one count of possession of a firearm in the commission of a felony. He was sentenced to a prison term of twenty-five to fifty years on each count of armed robbery, ten to fifteen years for assault, and two years for the firearm conviction. The Michigan Court of Appeals affirmed Williams's convictions on August 31, 1982.
 
 
 3
 In 1984, Williams filed a delayed motion for a new trial, raising seven new issues which had not been presented in his appeal as of right. The trial court denied the motion. Williams filed an application for delayed appeal raising the same issues. The Michigan Court of Appeals denied the application in a standard form order stating that the application was 'denied for lack of merit in the grounds presented.' The Michigan Supreme Court denied Williams's application for leave to appeal in a short order stating that 'we are not persuaded that the questions presented should be reviewed by this Court.'
 
 
 4
 Williams filed a habeas corpus petition in federal district court, asserting five of the seven errors raised in his delayed motion. He argued that the trial judge denied him a fair trial by exceeding the bounds of judicial impartiality in hostile questioning of three defense witnesses. He also argues that he did not receive a fair trial because the trial judge intimidated a defense witness by informing him of the penalty for perjury. Third, Williams argues that the prosecutor stated in his closing argument that two prior inconsistent statements by a defense witness could be taken as substantive proof of Williams's guilt and that this prosecutorial misconduct deprived Williams of a fair trial. Williams also argues that he was deprived of a fair trial because the trial judge gave a limiting instruction for only one of these statements. Finally, Williams claims that his counsel was ineffective, because he failed to object to the prosecutor's closing argument, failed to request a limiting instruction on the second prior inconsistent statement, and did not file a motion in limine requesting suppression of Williams's prior convictions, but only made an oral request for suppression at trial.
 
 
 5
 The district court considered Williams's arguments, determined they were without merit, and denied the habeas petition. The court found that the trial judge's questioning of the witnesses was proper under Fed. R. Evid. 614(b), which provides that '[t]he court may interrogate witnesses, whether called by itself or a party,' and that the questions had not shown partiality or bias. The court found that Williams was not prejudiced by the trial judge informing a witness of the penalty for perjury, as the warning took place out of the presence of the jury and the witness continued steadfastly to assert Williams's innocence. The court found that the prosecutor's closing statement was not improper and that he had performed the duties of an ethical and zealous advocate. The court determined that the trial judge's failure to give a limiting instruction on the use of the second prior inconsistent statement when it was not requested by defense counsel was harmless beyond a reasonable doubt and did not rise to the level of constitutional error. The court also found that Williams's attorney ably represented his client's interests, and that his performance was not deficient in any way.
 
 II
 
 6
 Williams appeals the district court's denial of his petition. The state argues that federal courts should not reach the merits of Williams's petition because his procedural default in the state courts prevented him from litigating his constitutional claims there. If the state is correct, then this procedural default was an adequate and independent state ground for the denial of Williams's delayed appeal. In that event, the habeas petition must be denied because Williams has not demonstrated the requisite 'cause and prejudice' to excuse his failure to comply with the state procedural rule. Wainwright v. Sykes, 433 U.S. 72 (1977). The state contends that under Michigan law Williams did not preserve the issues he is now raising, because he did not raise them in his first appeal as of right. The state argued this procedural default to the Michigan Court of Appeals in its response to Williams's application for delayed appeal.
 
 
 7
 Initially, there is a problem in the use by the Michigan Court of Appeals of a standard form denial of Williams's delayed appeal. The court stated that the appeal was denied 'for lack of merit in the grounds presented.' If the court relied on Williams's procedural default in abandoning the new issues by not raising them in his first appeal, Williams's habeas petition must be dismissed because he has not demonstrated 'cause and prejudice.' However, if the state court waived the procedural default and reached the merits of Williams's constitutional claims, then the federal courts may review the federal claims in Williams's habeas petition. County Court v. Allen, 442 U.S. 140, 148-54 (1979).
 
 
 8
 The Sixth Circuit has held that the use of the word 'merit' in this type of standard form denial does not conclusively indicate whether the state court reached the merits, relied upon the procedural default, or relied on both procedural and substantive grounds. Raper v. Mintzes, 706 F.2d 161, 164 (6th Cir. 1983). Raper also held that if the prosecutor argued both procedural and substantive grounds for denying the defendant's appeal in his brief, as he did in the present case, 'the federal court may assume that the state court did not rely solely on the merits unless it says so.' Id. at 164. This court has further held that the procedural default is an adequate and independent state ground even if it constitutes only a substantial basis for the state court's decision and not the sole basis. Hockenbury v. Sowders, 620 F.2d 111 (6th Cir. 1980), cert. denied, 450 U.S. 933 (1981). Finally, habeas review is barred even if the state court might have waived the procedural default and reached the merits, because 'Raper required this court to assume that the procedural default was a substantial basis of the state court's decision even if the state court might also have reached the merits.' Gilbert v. Parke, 763 F.2d 821, 825 (6th Cir. 1985). See also Shepard v. Foltz, 771 F.2d 962 (6th Cir. 1985).
 
 
 9
 The above cases, however, all involved a procedural default in which the defendant failed to preserve an issue for appellate review by not making a contemporaneous objection at trial. The asserted default in this case, the abandonment of issues by failing to raise them on direct appeal, is not so clearly a procedural default under Michigan law as is the failure to make a contemporaneous objection. The Michigan Supreme Court has never held that new issues may not be raised on a delayed appeal. In People v. Allensworth, 401 Mich. 67, 257 N.W.2d 81 (1977), cert. denied, 435 U.S. 933 (1978), the Michigan Supreme Court allowed an additional issue to be presented in a delayed appeal, over a dissent arguing that the defendant had abandoned the issue by not raising it in his original direct appeal. The majority opinion did not discuss the issue. The Michigan Court of Appeals has discussed the issue in two recent cases, indicating that a defendant should not be allowed to continue to raise new issues in a succession of appeals, but has not squarely held that the defendant abandons an issue by not raising it in the first direct appeal.
 
 
 10
 The court in People v. Pauli, 138 Mich. App. 530, 361 N.W.2d 359 (1984), was presented with a situation similar to this case. The defendant's conviction had been affirmed by the court on direct appeal. The defendant filed a motion for a new trial which was denied by the trial court. The court of appeals granted his leave to file a delayed appeal. The court then held that the defendant could not raise trial-related issues in the second appeal unless he could establish ineffective assistance from his former appellate counsel, stating that 'the delayed appeal procedure provided in GCR 1963, 803.3 was not intended to provide a second appeal to a litigant who has previously taken advantage of his right to appeal.' Id. at 361. Instead of dismissing the appeal, however, the court construed it as an appeal only from the trial court's denial of the motion for a new trial rather than the underlying judgment.
 
 
 11
 In People v. Brady, 139 Mich. App. 688, 363 N.W.2d 8 (1984), the court of appeals affirmed the trial court's denial of a motion for a new trial raising a new issue. The court invoked the 'doctrine of finality' to prevent review of a new claim which had not been presented in either of two previous appeals. The defendant's conviction had been affirmed on direct appeal and on delayed appeal raising new issues. The court did not squarely hold, however, that the defendant had no right to present any new issues in a second appeal, stating
 
 
 12
 We hold that this is an appropriate case for application of the doctrine of finality. Defendant's conviction has been affirmed twice. There has to be an end to a case. We hold that the end to defendant's right to raise new issues was reached before he raised the issue of the 'reverse writ' by a delayed motion for a new trial in September of 1983.
 
 
 13
 The court thus refused to consider the new issue.
 
 
 14
 This circuit has not clarified this issue of procedural default in the Michigan courts. This same argument was presented in Bransford v. Brown, 806 F.2d 83 (6th Cir. 1986), cert. denied, 55 U.S.L.W. 3776 (1987), where the state contended that the court should not reach the merits of petitioner's habeas claims because the Michigan courts had applied a procedural bar to his constitutional claims set forth only in his third appeal. We held that Wainwright v. Sykes did not apply to this alleged procedural bar because the state court had clearly chosen to reach the merits of the claims as it had held an evidentiary hearing.
 
 
 15
 The Bransford court also stated, in dictum, that Sykes did not apply because 'as the United States Supreme Court has noted, Michigan has no recognized rule that limits the number of appeals.' Bransford v. Brown, 806 F.2d at 85 (citing Anderson v. Harless, 459 U.S. 4, 7-8 (1982)). The Court in Anderson held that the habeas petitioner had not exhausted his state remedies because he had not presented his constitutional claim on direct appeal, and 'it appears that respondent is still free to present his Sandstrom claim to the Michigan Court of Appeals.' Anderson v. Harless, 459 U.S. at 8 (citing People v. Berry, 10 Mich. App. 469, 474-475, 157 N.W.2d 310, 312-313 (1968)). Berry, however, had not considered the issue of procedural default by failing to raise issues on direct appeal. Berry had not filed a timely direct appeal, but had made an application for delayed appeal two years after his conviction, which was denied by the Michigan Court of Appeals and by the Michigan Supreme Court. Three years later Berry filed another application for delayed appeal. The Michigan Court of Appeals granted this application, holding that the denial of the first application was not res judicata, because a denial of an application for leave to appeal was similar to a denial of certiorari in that it was an act of judicial discretion and did not express an opinion on the merits. This case does not consider the res judicata effect of a direct appeal on a prisoner's attempt to raise new issues in a delayed appeal, issues which could have been, but were not, raised in the direct appeal.
 
 
 16
 The confusion is illustrated by considering the doctrine of exhaustion. A state prisoner must present the substance of every claim he intends to assert in a habeas petition to all levels of state review before filing in federal court. 28 U.S.C. Sec. 2254(b); Franklin v. Rose, 811 F.2d 322 (6th Cir. 1987). However, if issues may no longer be presented to the state court because of a procedural bar, then no exhaustion problem exists because there are no longer any state remedies to exhaust. The prisoner must then satisfy the 'cause and prejudice' standard of Wainwright v. Sykes.
 
 
 17
 The question of a procedural bar based on abandonment of the issue by not raising it on direct appeal is more clear in other states in the circuit than in Michigan. In Tennessee, prisoners are not deemed to have waived a right to present issues by failing to raise them on direct appeal. Therefore they have not exhausted state remedies until they have presented the issue to the state court in a collateral action. Kilby v. Jones, 809 F.2d 324 (6th Cir. 1987); Parker v. Rose, 728 F.2d 392 (6th Cir. 1984).
 
 
 18
 In Ohio, on the other hand, issues which which could have been raised and resolved by review of the record on direct appeal are clearly barred by the Ohio doctrine of res judicata from consideration in collateral proceedings. Leroy v. Marshall, 757 F.2d 94 (6th Cir.), cert. denied, 106 S.Ct. 99 (1985); Keener v. Ridenour, 594 F.2d 581 (6th Cir. 1979). No exhaustion problem exists, therefore, if a prisoner convicted in Ohio attempts to raise a new issue in a federal habeas petition, although cause and prejudice for the procedural default must still be shown.
 
 
 19
 The Michigan courts do not apply the doctrine of res judicata as forcefully as do the courts in Ohio. As shown by the Michigan cases cited above, courts can allow new issues to be brought on a second delayed appeal, even those which the prisoner could have, but did not, raise on direct appeal. Thus, unlike Ohio, it has never been held futile to require Michigan prisoners to exhaust their state remedies by presenting these issues to the state courts on a delayed appeal.
 
 
 20
 There is no perfect fit between the doctrines of exhaustion and procedural default. If Williams had not presented his constitutional issues to the Michigan court in an application for delayed appeal, it could be contended that he should go back to the state court to exhaust his state remedies. However, since he did present the issues to the state courts, there is no exhaustion problem so we need not reach that issue in this case.
 
 
 21
 In this case, Williams presented his constitutional claims to the state courts in his application for delayed appeal. The court's standard form denial of his application did not clearly indicate whether the court reached the merits of his claims or applied the procedural bar. When the basis for the state court's decision is unclear, we must look to the arguments presented to the state court. Raper v. Mintzes, 706 F.2d at 164 (1983). If the prosecutor argued both the merits and the procedural default, as he did in this case, we may assume that the state court did not rely solely on the merits, unless it says so. Id. at 164. Since the Michigan courts did not clearly reach the merits of Williams's claims, we are bound by Raper and Gilbert v. Parke, 763 F.2d at 825, to assume that the state court applied the procedural bar to Williams's claims. This is so despite the fact that the Michigan courts can allow new issues to be raised on delayed appeals. Gilbert held that it made no difference to the application of Wainwright that the Michigan courts sometimes review the merits of defendants' claims despite the presence of procedural defaults, as the only requirement is that the procedural default be a substantial basis of the state court's decision, not necessarily the sole basis. Gilbert v. Parke, 763 F.2d at 825.
 
 
 22
 We hold, therefore, that the procedural default was a substantial basis for the Michigan court's denial of Williams's application for delayed appeal even though the court could have reached the merits of his claim if it had chosen to do so. There was thus an adequate and independent state ground for the Michigan court's denial of Williams's claim. As Williams has not demonstrated cause and actual prejudice, he is barred from presenting these claims for habeas review. The district court's denial of his habeas petition is AFFIRMED.