929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James SLAUGHTER, Petitioner-Appellant,
v.
Alton HESSON, Respondent-Appellee.
 No. 90-6242.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1991.
 
 M.D.Tenn., No 89-0061; Higgins, J.
 
 
 1
 M.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 4
 James Slaughter, through counsel, appeals the district court's order denying his petition for a writ of habeas corpus, filed under 28 U.S.C. Sec. 2254. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 5
 In June of 1987, a jury convicted Slaughter of possession of over thirty grams of a Schedule II controlled substance, cocaine, with the intent to deliver or sell. He was sentenced to twenty years and ordered to pay a $25,000 fine. It is not disputed that Slaughter has exhausted his remedies in the state of Ohio.
 
 
 6
 On May 22, 1989, Slaughter petitioned for a writ of habeas corpus, alleging: 1) the state court of criminal appeals erred in permitting the introduction of evidence which was obtained pursuant to an alleged unconstitutional search and seizure of his automobile; 2) the state court erred in allowing prosecutorial misconduct by permitting the state attorney, in closing argument, to comment on a "criminal event" for which the petitioner was not on trial and had never been charged; and 3) the state court deprived the petitioner of a fair trial and due process by failing to acquit him after the state allegedly failed to establish the proper and necessary chain of custody of the physical evidence, specifically the controlled substance, to justify the introduction of that evidence at trial. After a report by the magistrate and objections by Slaughter, the district court denied the petition. On appeal, Slaughter raises only the issue of whether the district court erred in holding that consideration of his fourth amendment claim is precluded by the holding in Stone v. Powell, 428 U.S. 465 (1976).
 
 
 7
 Upon review, this court concludes that the district court properly decided that Slaughter's fourth amendment claim was barred by the holding in Stone v. Powell. This is not a situation where the state courts have refused to take cognizance of the petitioner's fourth amendment claim because of a procedural rule or otherwise. Rather, the state has adequately addressed Slaughter's fourth amendment claim and provided him a full and fair opportunity to litigate that claim. Second-guessing the state courts on the merits of that claim would be inconsistent with the holding of Stone v. Powell. Gilbert v. Parke, 763 F.2d 821, 823-24 (6th Cir.1985). The petitioner is not challenging the mechanism provided by the state for presenting his fourth amendment claim, but alleging only a "failure" of that mechanism to provide a full and fair opportunity to present the claim. This court has held that Stone v. Powell requires only an opportunity for full and fair consideration of a claim for suppression of evidence and that it is up to the claimant and his counsel to decide what use, if any, is to be made of that opportunity. Jennings v. Rees, 800 F.2d 72, 75-77 (6th Cir.1986) (per curiam).
 
 
 8
 Slaughter also argues that the identity of the informant used to direct the arresting officers to the point of arrest should have been disclosed to him for questioning the informant's reliability and credibility. However, this argument likewise affords Slaughter no habeas relief. The record shows that the officers relied on the informant's tip because that informant had provided at least one of the officers with reliable information in the past and the informant's statement was reasonably corroborated by other matters and information within the officers' own knowledge. See Illinois v. Gates, 462 U.S. 213, 230 (1983).
 
 
 9
 Accordingly, the district court's order denying Slaughter's petition for habeas relief is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation