977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ermas William THOMAS, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 92-5284.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KEITH, KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Ermas William Thomas requests the appointment of counsel on appeal from the district court order granting in part and denying in part his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thomas was convicted following a jury trial of two counts of criminal possession of a forged instrument in the second degree. He also entered a guilty plea to a charge of being a first degree persistent felony offender. The trial court granted his motion for judgment notwithstanding the verdict as to one of the forgery convictions. However, the final sentence failed to reflect this and instead sentenced Thomas to a ten year term of imprisonment, enhanced from concurrent five year terms on the two forgery counts. His convictions were upheld on direct appeal and his attempt to seek post-conviction relief was also unsuccessful. Thomas then filed this habeas petition, raising eight arguments. During the pendency of the petition below, Thomas was released on parole. The district court granted partial relief in the form of directing the correction of the record to reflect that Thomas was only convicted of one count of criminal possession of a forged instrument. The petition was denied in all other respects, and this appeal followed.
 
 
 3
 Upon review, it is concluded that this habeas petition was properly denied in substantial part, as Thomas received a fundamentally fair trial. See Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984). Thomas has abandoned several of his arguments on appeal, and they will therefore not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). The arguments that are raised on appeal do not warrant relief. Thomas raises a sufficiency of the evidence claim which essentially argues that his conduct does not fall under the criminal statute of which he was convicted. However, the Kentucky courts found that it did, and this interpretation of state law is binding on this court. See Gilbert v. Parke, 763 F.2d 821, 826 (6th Cir.1985). See also Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Thomas also challenges evidentiary rulings by the trial court. The evidence at issue was more probative of petitioner's intent than it was prejudicial. Therefore, the evidentiary claims do not warrant habeas relief. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Finally, Thomas argues that there was a variance between the indictment and the proof at trial. Upon review, we find no substantial likelihood that Thomas was convicted of an offense other than that charged in the indictment. See United States v. Robison, 904 F.2d 365, 369 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990).
 
 
 4
 Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.