98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl DULIN, Petitioner-Appellant,
v.
Richard JOHNSON, Warden, Respondent-Appellee.
 No. 95-2369.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges; EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Darryl Dulin, a Michigan state prisoner, appeals pro se a judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1988, a jury convicted Dulin of first degree murder and three counts of assault with intent to commit murder. He was sentenced to four concurrent life terms, one without possibility of parole. His conviction was affirmed on direct appeal in the state courts. In this petition for federal habeas corpus relief, Dulin raised six claims: 1) his statement to the police was involuntary and therefore improperly admitted; 2) evidence seized in a search of his apartment was improperly admitted because the warrant was based on unreliable information; 3) the prosecutor engaged in misconduct during his closing argument; 4) the jury instructions were erroneous; 5) he was denied his right to confrontation by the admission of an autopsy report; and 6) the evidence was insufficient to support his conviction. The parties agreed to submit this matter to a magistrate judge, with appeal to this court. The magistrate judge reviewed the claims on the merits and denied the petition. On this appeal, Dulin is pursuing his claims that his statement to the police was involuntary; that the search of his apartment was invalid because the warrant was not based on probable cause; that the prosecutor engaged in misconduct during this closing argument; and that one of his jury instructions was erroneous. Because Dulin has abandoned the remainder of the issues he raised in his habeas corpus petition, we will not review those claims on this appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 4
 Dulin's argument regarding the involuntary nature of his statement to the police fails because reviewing courts defer to the trial court's findings of fact and credibility determinations. See Sumner v. Mata, 455 U.S. 591, 597 (1982). In this case, the trial court found that Dulin's testimony that his statement was involuntary was not credible. The trial court also held a hearing on Dulin's motion to suppress the items seized at his apartment. This issue therefore cannot be raised in a federal habeas corpus context. See Gilbert v. Parke, 763 F.2d 821, 823 (6th Cir.1985).
 
 
 5
 We also agree with the magistrate judge's determination that the alleged prosecutorial misconduct during closing argument was not so egregious as to deny Dulin a fundamentally fair trial. See Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc). Dulin raises a new claim of prosecutorial misconduct on appeal, regarding the admission of the weapon and ammunition seized from his apartment. However, we decline to review claims which were not raised in the petition presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). Finally, Dulin's argument that the jury instruction on aiding and abetting was incorrect under state law does not present a basis for federal habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 71-72 (1991).
 
 
 6
 Accordingly, the judgment denying this petition for a writ of habeas corpus is affirmed for the reasons stated by the magistrate judge in his opinion. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation