103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey A. MURR, Petitioner-Appellant,
v.
Melody TURNER, Warden, Respondent-Appellee.
 No. 95-4013.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey A. Murr appeals pro se from a district court judgment that dismissed two habeas corpus petitions that he had filed under 28 U.S.C. § 2254. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Murr pleaded nolo contendere to theft, arson, and breaking and entering, violations of Ohio Rev.Code §§ 2911.13(A), 2913.02(A)(1) and 2909.03(A)(1). On February 15, 1991, he was sentenced to an aggregate term of 8 to 20 years of imprisonment.
 
 
 3
 In his first petition, Murr alleged: 1) that the prosecution failed to disclose exculpatory material to the defense; 2) that his plea was induced by this failure; 3) that he was denied the effective assistance of counsel at trial; 4) that his convictions were based on an illegal search and that counsel failed to discover false statements that supported the search warrant; 5) that his appellate attorney did not argue that trial counsel was ineffective; 6) that the search warrant was based on a false affidavit; and 7) that the warrant did not describe the items to be seized with particularity. In his second petition, Murr alleged that appellate counsel should have argued that his indictment was defective. The district court consolidated these petitions, and it subsequently dismissed Murr's case on August 30, 1995. It is from this judgment that he now appeals.
 
 
 4
 We review the denial of a habeas corpus petition de novo. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). However, the district court's factual findings are examined for clear error, and the factual findings of the state courts are presumptively correct unless one of the exceptions listed in 28 U.S.C. § 2254(d) applies. Murr must establish actual prejudice to obtain habeas corpus relief, and the errors he has alleged may be considered to be harmless if they did not have a substantial and injurious effect or influence on the proceedings. See id.
 
 
 5
 In his first claim, Murr alleged that the prosecution withheld exculpatory material from the defense, in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). A defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). However, such a defendant may still argue that his plea was invalid because it was made in the absence of Brady material. Campbell v. Marshall, 769 F.2d 314, 321 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 
 6
 The failure to disclose exculpatory material only constitutes a Brady violation if it is material to the defense. Sanchez v. United States, 50 F.3d 1448, 1454 (9th Cir.1995).
 
 
 7
 Although the usual standard of materiality is whether the failure to disclose the evidence "undermines confidence in the outcome of the trial," the issue in a case involving a guilty plea is whether there is a reasonable probability that but for the failure to disclose the Brady material, the defendant would have refused to plead and would have gone to trial.
 
 
 8
 Id. (quoting United States v. Bagley, 473 U.S. 667, 678 (1985)) (other citations omitted). The test for whether the defendant would have chosen to go to trial is an objective one. Sanchez, 50 F.3d at 1454. Thus, it must objectively appear that the undisclosed material "would have been controlling" in the defendant's decision to plead. Campbell, 769 F.2d at 324.
 
 
 9
 Murr alleged that the prosecution withheld recordings of telephone conversations in which Murr stated that a third party had given him the stolen merchandise that was found in his home. This allegation is unavailing because Murr should have been aware of the contents of his own conversations, even if the recordings were not disclosed. Moreover, Murr was free to testify on his own behalf and to explain how the merchandise had come into his possession. See White v. United States, 858 F.2d 416, 424 (8th Cir.1988), cert. denied, 489 U.S. 1029 (1989).
 
 
 10
 Murr also alleged that the prosecution withheld a state fire marshal's report which indicated that the victim's store was insured and that Deputy Whitt had made false statements in the affidavit that was used to obtain a search warrant for his home. However, Murr's apparent suggestion that the victim was involved in the arson is purely speculative. Furthermore, the report did not contradict Whitt's assertion that a reliable informant had seen Murr carrying merchandise from the victim's store into his home on the night of the fire. The search warrant was adequately supported by this assertion. Thus, an objective examination of the record indicates that the government's alleged failure to disclose the fire marshal's report would not have controlled Murr's decision to plead nolo contendere. See Sanchez, 50 F.3d at 1454; United States v. Wright, 43 F.3d 491, 497 (10th Cir.1994).
 
 
 11
 Murr's remaining Brady claims are also unavailing. He alleged that the prosecution did not disclose a statement which indicated that his brother had been in Toledo when the fire was set, the victim's statement that "I knew this was going to happen" or "I knew he was going to do this," and the fact that the fire department had removed a door from the store. These speculative claims are not sufficient to undermine the validity of Murr's plea. See United States v. Claudio, 44 F.3d 10, 15-16 (1st Cir.1995); Campbell, 769 F.2d at 324.
 
 
 12
 In his third and fourth claims, Murr alleged that he was denied the effective assistance of counsel because his trial attorney did not discover the evidence that had been withheld by the prosecution. To establish the ineffective assistance of counsel, Murr must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Murr has not shown that there is a reasonable probability that he would have continued with his trial if counsel had discovered the disputed evidence, and Murr's failure to show the required prejudice independently defeats these claims. See Hill v. Lockhart, 474 U.S. 52, 59-60 (1985).
 
 
 13
 In his sixth claim and the rest of his fourth claim, Murr alleged that inculpatory evidence was seized under a search warrant that was based on false statements in Whitt's affidavit. In his seventh claim, Murr alleged that the warrant was defective because it did not describe the items to be seized with particularity. These claims are not amenable to federal habeas corpus relief because Murr had an opportunity to present them in state court and presentation of the claims was not thwarted by any failure of the state's corrective processes. See Stone v. Powell, 428 U.S. 465, 494-95 (1976); Gilbert v. Parke, 763 F.2d 821, 823-24 (6th Cir.1985).
 
 
 14
 In his fifth claim, Murr alleged that he was denied the effective assistance of counsel because his appellate attorney did not argue that trial counsel had conducted an inadequate investigation. The district court properly found that this claim lacked merit. In his second petition, Murr alleged that appellate counsel failed to argue that his felony arson conviction was invalid because the indictment did not specify the value of the property that was destroyed in the fire. The court did not address this claim specifically, but it is equally unavailing.
 
 
 15
 The Strickland test also applies to claims that a defendant was denied the effective assistance of counsel on appeal. Bowen v. Foltz, 763 F.2d 191, 194 & n. 3 (6th Cir.1985). Appellate counsel does not have a constitutional duty to raise every colorable issue, if he decides not to do so as a matter of professional judgment. Id. at 194 n. 4. Murr's counsel raised other plausible arguments on direct appeal, and the failure to show that counsel's performance was deficient independently defeats Murr's claims. See Strickland, 466 U.S. at 687.
 
 
 16
 We note, nonetheless, that Murr was not prejudiced by counsel's failure to raise meritless arguments on appeal. As indicated above, Murr's trial counsel was not ineffective despite his alleged failure to discover material that had been withheld by the government. The underlying argument in Murr's second petition also lacks merit because the Ohio Court of Appeals has held that his indictment was not deficient. The Ohio Supreme Court affirmed this ruling, and it is determinative of the state law issue that underlies Murr's remaining claim. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam).
 
 
 17
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.